# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# MISCELLANEOUS CASE NO. 3:18-MC-202-DSC

| | |
|---|---|
| IN RE: PRECIOUS LATERICA OLIPHANT  ) ) ) ) | **ORDER** |

On November 29, 2018 Oliphant was seated in the courtroom during the Rule 11 hearing in United States v. Dion Lamar Williams, 3:18-cr-117. At the conclusion of the hearing, Oliphant began to leave the courtroom along with some other spectators. Before she reached the courtroom door, Oliphant shouted "piece of sh-t!" in a loud angry tone. Court was in session and her voice was loud enough to be heard throughout the courtroom. The Court directed the Marshals to bring her before the Court. Oliphant was advised that she was being held in summary criminal contempt of court.

The contempt powers of a United States Magistrate Judge are set forth in 28 U.S.C. § 636(e) as amended by the Federal Courts Improvement Act of 2000. These powers include summary criminal contempt authority in any case before the Magistrate Judge, as well as criminal and civil contempt authority in certain civil consent and misdemeanor cases. Specifically, a Magistrate Judge's criminal contempt authority includes "the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice." 28 U.S.C. § 636(e)(2). "The sentence imposed by a magistrate judge for any criminal contempt [under 28 U.S.C. § 636(e)(2) & (3)] shall not exceed the penalties for a Class C

misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of Title 18." 28 U.S.C. § 636(e)(5). Based upon the maximum penalties for a Class C misdemeanor, any person found guilty of criminal contempt faces up to thirty days imprisonment (18 U.S.C. § 3581(b)(8)) and a $5,000.00 fine (18 U.S.C. § 3571(b)(6)). "The contempt order must recite the facts, be signed by the judge, and filed with the clerk." Fed.R.Crim.P. 42(b).

Oliphant's conduct occurred in the Court's presence and constituted misbehavior obstructing the administration of justice. The Court advised Oliphant that she was being held in summary criminal contempt for her profane outburst. The Court also allowed her an opportunity to respond.

Based upon the foregoing, the Court finds Defendant guilty of summary criminal contempt in the presence of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(e)(2) and (5). Accordingly, Defendant is committed to the custody of the Attorney General for ten days imprisonment.

The Clerk is directed to send copies of this Order to the United States Attorney and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: November 29, 2018

_____
David S. Cayer
United States Magistrate Judge