# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA,          ) DOCKET NO. 3:18-cr-117
                                   )
                                   )
                                   )
        vs.                        )
                                   )
DION WILLIAMS,                     )
                                   )
        Defendant.                 )
_____)


TRANSCRIPT OF ELECTRONICALLY RECORDED
PLEA HEARING
BEFORE THE HONORABLE DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE
NOVEMBER 29, 2018


APPEARANCES:

On Behalf of the Government:

    JENNIFER LYNN DILLON, ESQ.,
    Assistant United States Attorney
    227 West Trade Street, Suite 1700
    Charlotte, North Carolina 28202

On Behalf of the Defendant:

    CLAIRE RAUSCHER, ESQ.,
    KATIE RAMSEUR, ESQ.,
    Womble Bond Dickinson, LLP
    301 South College Street
    Charlotte, North Carolina 28202


    Proceedings digitally-recorded and stenographically
                transcribed by:



    LAURA ANDERSEN, RMR
    Official Court Reporter
    United States District Court
    Charlotte, North Carolina

1          P R O C E E D I N G S

2              (Transcript of proceedings digitally recorded on

3   November 29, 2018 at 10:23.)

4              THE COURT:   United States versus Dion Williams.

5              MS. RAUSCHER:   Good morning, Your Honor.

6              THE COURT:   Good morning, Ms. Rauscher.

7              MS. DILLON:   Good morning, Your Honor.

8              THE COURT:   Good morning.

9              MS. RAUSCHER:   Your Honor, I would just like to

10  introduce Katie Ramseur from our office.   Katie is one of our

11  young associates.

12             THE COURT:   Good morning.

13             MS. RAMSEUR:   Thank you for having me.

14             THE COURT:   And he is here for an 11(c)(1)(C) plea?

15             MS. RAUSCHER:   That's correct.

16             THE COURT:   Counsel ready to proceed?

17             MS. DILLON:   Yes, Your Honor.

18             MS. RAUSCHER:   One moment, Your Honor.

19  We are ready, Your Honor.   Thank you.

20             THE COURT:   All right.   Stand up, sir.

21             I will be asking you some questions about your plea.

22  The clerk will place you under oath first.

23                 DION WILLIAMS, DEFENDANT, SWORN

24             THE COURT:   Sir, do you now understand that you are

25  under oath, and that you are required to give truthful answers

1  to the questions I am about to ask?

2  THE DEFENDANT:  Yes.

3  THE COURT:  Do you understand that if you give false

4  information under oath you may be prosecuted for perjury or

5  false statement?

6  THE DEFENDANT:  Yes.

7  THE COURT:  After consulting with your attorney, do

8  you want the Court to accept your guilty plea to one count in

9  this Bill of Indictment?

10  THE DEFENDANT:  Yes.

11  THE COURT:  Do you understand that you have the

12  right to have a United States District Judge conduct this

13  proceeding?

14  THE DEFENDANT:  Yes.

15  THE COURT:  Recognizing your right to proceed before

16  a district judge, do you expressly consent to proceed in this

17  court today, that is, before a United States Magistrate Judge?

18  THE DEFENDANT:  Yes.

19  THE COURT:  Are you now under the influences of any

20  alcohol or drugs?

21  THE DEFENDANT:  No.

22  THE COURT:  Is your mind clear, and do you

23  understand that you are here to enter a guilty plea in your

24  case?

25  THE DEFENDANT:  Yes.

1    THE COURT:  Have you received a copy of the

2 indictment, and have you discussed its contents with your

3 attorney?

4    THE DEFENDANT:  Yes.

5    THE COURT:  Would the government summarize the

6 charge and the penalty?

7    MS. DILLON:  Yes, Your Honor.

8    Your Honor, the penalty is -- for Count Two is a

9 violation of Title 18, United States Code, 1114 and Section 2.

10 The maximum term of imprisonment is 20 years imprisonment, a

11 $250,000 fine or both, and no more than 3 years of supervised

12 release.

13    THE COURT:  And the substantive charge is?

14    MS. DILLON:  It's attempted murder of a postal

15 employee, Your Honor.

16    THE COURT:  Do you fully understand the charge

17 against you, including the maximum penalty you face if

18 convicted?

19    THE DEFENDANT:  Yes.

20    THE COURT:  Do you understand that by pleading

21 guilty to a felony charge you may be deprived of certain civil

22 rights, such as the right to vote, hold public office, serve

23 on a jury, or possess a firearm?

24    THE DEFENDANT:  Yes.

25    THE COURT:  Have you spoken with your attorney about

1    how the U.S. Sentencing Guidelines might apply to your case?

2    THE DEFENDANT: Yes.

3    THE COURT: Do you understand that the District

4    Judge will not be able to determine the applicable sentencing

5    guideline range until after your presentence report has been

6    prepared, and you have had an opportunity to comment on it?

7    THE DEFENDANT: Yes.

8    THE COURT: Do you understand that parole has been

9    abolished, and if you are sentenced to a term of imprisonment

10    you will not be released on parole.

11    THE DEFENDANT: Yes.

12    THE COURT: If your sentence includes imprisonment,

13    do you understand that the District Judge may also order a

14    term of supervised release?

15    THE DEFENDANT: Yes.

16    THE COURT: Do you understand that if you violate

17    the terms and conditions of supervised release, which

18    typically lasts from 1 to 5 years, you could be returned to

19    prison for an additional period of time?

20    THE DEFENDANT: Yes.

21    THE COURT: Do you understand that you have a right

22    to plead not guilty, to have a speedy trial before a judge and

23    jury, to summons witnesses to testify in your behalf, and to

24    confront the witnesses against you?

25    THE DEFENDANT: Yes.

1     THE COURT:  If you exercised your right to trial you

2  would be entitled to the assistance of a lawyer, you would not

3  be required to testify, you would be presumed innocent, and

4  the burden would be on the government to prove your guilt

5  beyond a reasonable doubt.  Do you understand all of these

6  rights?

7     THE DEFENDANT:  Yes.

8     THE COURT:  By entering this plea of guilty you are

9  waiving or giving up those rights and there will be no trial.

10  If your guilty plea is accepted, that will be one more hearing

11  where the District Judge will determine what sentence to

12  impose.  Do you understand that?

13     THE DEFENDANT:  Yes.

14     THE COURT:  Are you in fact guilty of the one count

15  in this Bill of Indictment?

16     THE DEFENDANT:  Yes.

17     THE COURT:  Have the United States and the defendant

18  entered into a plea agreement pursuant to Rule 11(c)(1)(C).

19     MS. DILLON:  Yes, Your Honor.

20     THE COURT:  You may summarize that.

21     MS. DILLON:  Thank you.

22     The defendant agrees to enter a voluntary plea of

23  guilty to Count Two as set forth in the Bill of Indictment and

24  admits to being in fact guilty as charged in that count.

25     If the Court finds the defendant's plea to be

1  voluntarily and knowingly made and accepts the plea, the

2  United States will move at the appropriate time to dismiss

3  Counts One and Three as to this defendant in the Bill of

4  Indictment.

5  The defendant understands that each and every

6  provision set forth in the plea agreement is a material term,

7  and my failure to recite any of the provisions doesn't make

8  them any less important.

9  The defendant's failure to fully comply with any

10 provision of the plea agreement or attempt to withdraw the

11 guilty plea will relieve the United States of its obligations

12 under the plea agreement, but the defendant will not be

13 relieved of his obligations or allowed to withdraw the guilty

14 plea, may constitute the defendant's failure to accept

15 responsibility under Guideline Section 3E1.1, and will permit

16 the United States to proceed on any dismissed, pending,

17 superseding, or additional charges.

18 Because this plea agreement is offered pursuant to

19 Federal Rule of Criminal Procedure 11(c)(1)(C), if the Court

20 accepts the plea, the Court may not impose a greater sentence

21 than that agreed by the parties in this plea agreement.

22 However, not all forms of punishment have been agreed by the

23 parties to be binding.

24 The defendant is aware that the statutory maximum

25 for the sentence is as stated previously, 20 years

1 imprisonment, a $250,000 fine or both, and no more than

2 3 years of supervised release.

3       This plea agreement is made pursuant to 11(c)(1)(C)

4 and binds the Court as to the terms set forth blow in

5 paragraph 7 only.

6       The defendant understands that not all the terms of

7 this plea agreement are binding recommendations that must be

8 accepted by the Court.

9       The Court will not be bound by any provision of this

10 agreement unless the provision explicitly states that it is

11 binding.

12       Unless limited by a binding recommendation the Court

13 may impose any form of punishment permitted by law.

14       The defendant and the United States, pursuant to

15 11(c)(1)(C), make the binding recommendation to the Court that

16 the defendant be sentenced to a term of 15 years imprisonment.

17       However, the terms of this plea agreement will not

18 be binding on the Court or the United States if the defendant

19 is found to have misrepresented facts to the government prior

20 to entering into this plea agreement or commits any misconduct

21 after entering into this plea agreement, including but not

22 limited to committing a state or federal offense, violating

23 any term of release, or making false statements or

24 misrepresentations to any government entity or official.

25       The defendant understands and agrees that if he

1 violates the terms of this plea agreement as determined by the

2 Court, he will not be permitted to withdraw his plea of guilty

3 and will change this agreement to a non-binding plea agreement

4 which will then be governed by Federal Rule of Criminal

5 Procedure 11(c)(1)(B).

6       The defendant agrees that a duly-qualified federal

7 magistrate may conduct the hearing required by Rule 11 and the

8 defendant stipulates that there is a factual basis as required

9 by Rule 11(b)(3) for the plea of guilty.

10       He further stipulates that the defendant has read

11 and understood the factual basis filed with this plea

12 agreement and that such factual basis may be used by the Court

13 and the United States probation office without objection by

14 the defendant to determine the applicable advisory guideline

15 range or the appropriate sentence under the 3553(a) factors

16 unless the factual basis itself notes the defendant's right to

17 object to a particular fact was explicitly reserved.

18       Your Honor, this factual basis is filed as Document

19 47 and there is one objection that's noted in the factual

20 basis.

21       The defendant is aware that the law provides certain

22 limited rights to withdraw a plea of guilty. He has discussed

23 these rights with defense counsel and knowingly expressly

24 waives any right to withdraw the plea once the magistrate

25 judge has accepted it.

1    The defendant has discussed with his attorney his

2  rights pursuant to Title 18, United States Code, Section 3742,

3  Title 28, United States Code, Section 2255, and similar

4  authorities to contest a conviction and/or sentence through an

5  appeal or post-conviction after entering into this plea

6  agreement, whether there are potential issues relevant to an

7  appeal or post-conviction action, and the possible impact of

8  any such issue on the desirability of entering into this plea

9  agreement.

10    The defendant, in exchange for the concessions made

11  by the United States in this agreement, waives all such rights

12  to contest the conviction except for claims of ineffective

13  assistance of counsel or prosecutorial misconduct.

14    The defendant also knowingly expressly waives all

15  rights conferred by Title 18, United States Code, Section 3742

16  or otherwise to appeal whatever sentence is imposed with the

17  two exceptions set forth above.

18    The defendant agrees that the United States

19  preserves all its rights and duty as set forth in Title 18,

20  United States Code, Section 3742(b).

21    This agreement, Your Honor, is binding when signed

22  by the defendant, and the defendant's attorney, and the United

23  States.  And he agrees that entry of the plea agreement at the

24  date and time scheduled by the Court, which is today.

25    There are no other agreements representations or

1 understandings between the parties in this case other than

2 those explicitly set forth in this plea agreement or as

3 noticed to the Court during the plea colloquy and contained in

4 writing in a separate document signed by all the parties.

5       This plea agreement is signed by myself on behalf of

6 United States, Ms. Rauscher the attorney for the defendant,

7 and Mr. Williams the defendant.

8       THE COURT: Do you understand those to be the terms

9 of your plea agreement, and do you agree with those terms?

10       THE DEFENDANT: Yeah, I guess. Yes.

11       THE COURT: Well, I have to have a firm yes or a no

12 there, sir.

13       THE DEFENDANT: Yeah.

14       MS. RAUSCHER: Your Honor, just for purposes of the

15 record. In paragraph 8, section 1 where it says that the plea

16 agreement would not be binding on the Court if the defendant

17 is found to have misrepresented facts to the government prior

18 to entering into the plea agreement. Mr. Williams was not

19 debriefed and did not provide any information. So I want to

20 make sure that's clear.

21       THE COURT: All right.

22       MS. RAUSCHER: Thank you.

23       THE COURT: Has the right to appeal your conviction

24 and sentence been expressly waived in this plea agreement?

25       THE DEFENDANT: Yeah --- yes.

1    THE COURT:  Has the right to challenge your

2  conviction and sentence in a post-conviction proceeding also

3  been waived in the plea agreement?

4    THE DEFENDANT:  Yes.

5    THE COURT:  Is that your signature on the plea

6  agreement?

7    THE DEFENDANT:  Yes.

8    THE COURT:  Are you aware that a factual basis has

9  been filed as an attachment to your plea agreement?

10    THE DEFENDANT:  Yes.

11    THE COURT:  Now, your attorney has indicated that

12  you have made an objection to part of that so that is noted

13  for the record.  But other than that have you read the factual

14  basis, and do you understand it and agree with it?

15    THE DEFENDANT:  Yes.

16    THE COURT:  Has anyone threatened, intimidated, or

17  forced you to enter a guilty plea today?

18    THE DEFENDANT:  Nah.  No.

19    THE COURT:  Other than the terms of your plea

20  agreement, has anyone made you any promises of leniency or a

21  light sentence to induce you to plead guilty?

22    THE DEFENDANT:  No.

23    THE COURT:  Have you had enough time to discuss with

24  your attorney any possible defenses you may have to this

25  charge?

1       THE DEFENDANT:  Yes.

2       THE COURT:  Are you satisfied with the services of

3   your attorney in this case?

4       THE DEFENDANT:  Yes.

5       THE COURT:  Is there anything that you would like to

6   say at this time about the services of your attorney?

7       THE DEFENDANT:  No.

8       THE COURT:  Have you heard and understood all parts

9   of this proceeding?

10      THE DEFENDANT:  Yes.

11      THE COURT:  And do you still wish to plead guilty?

12      THE DEFENDANT:  Yes.

13      THE COURT:  Do you have any questions or statements

14  that you would like to make at this time?

15      THE DEFENDANT:  No.

16      THE COURT:  Ms. Rauscher, have you reviewed each of

17  the terms of the plea agreement with him, and are you

18  satisfied that he understands those terms?

19      MS. RAUSCHER:  Your Honor, I have reviewed all the

20  terms and conditions of the plea and it is my belief that he

21  understands.

22      THE COURT:  I will submit the transcript then for

23  review and signature by counsel and the defendant.

24      MS. RAUSCHER:  Your Honor, one of them is not

25  checked, number 11.

1    THE COURT:  Is that the immigration question?

2    MS. DILLON:  That's correct, Your Honor.

3    MS. RAUSCHER:  Number 14.  I'm sorry.

4    THE COURT:  Which one is that, Tammy?

5    MS. RAUSCHER:  That's the able to determine the

6  applicable sentencing guideline range.

7    THE COURT:  All right.  Can you check it, Nancy?

8    MS. RAUSCHER:  Can I mark it?

9    THE DEPUTY CLERK:  (Inaudible.)

10    MS. RAUSCHER:  Okay.  Oops.

11    THE DEPUTY CLERK:  (Inaudible.)

12    MS. RAUSCHER:  Okay.

13    THE COURT:  The Court finds the plea to be knowingly

14  and voluntarily made; finds a factual basis to support the

15  plea.  The plea is accepted.

16    The Court recommends the District Judge accept the

17  plea and enter judgment thereon.  The defendant has 14 days to

18  object.

19    Did you want him interviewed, Ms. Rauscher?

20    MS. RAUSCHER:  No, Your Honor.  We, in fact, have

21  all of the presentence materials ready, and I just need to

22  write this on this.

23    That's it, Your Honor.

24    THE COURT:  Yes, ma'am.

25    MS. RAUSCHER:  We're done.

1      MS. DILLON:  Thank you, Your Honor.

2      MS. RAUSCHER:  Thank you very much.

3      (The matter is concluded at 10:40.)

4      * * * * * *Concluded 10:40 a.m..

5    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF NORTH CAROLINA
6    CERTIFICATE OF OFFICIAL REPORTER

7         I, Laura Andersen, Federal Official Court Reporter,

8    in and for the United States District Court for the Western

9    District of North Carolina, do hereby certify that pursuant to

10   Section 753, Title 28, United States Code, that the foregoing

11   is a true and correct transcript of the digitally-recorded

12   proceedings prepared stenographically and transcribed to the

13   best of my ability, held in the above-entitled matter and that

14   the transcript page format is in conformance with the

15   regulations of the Judicial Conference of the United States.

16
          Dated this the 23rd day of January 2019.
17

18
                    S/Laura Andersen
19                  Laura Andersen, RMR
                    Federal Official Court Reporter.
20

21

22

23

24

25