IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:18-MC-202-GCM

| | |
|---|---|
| IN RE: PRECIOUS LATERICA OLIPHANT | ORDER |

**THIS MATTER** is before the Court upon Appellant Precious Laterica Oliphant's Appeal of Magistrate Judge Decision ("Appeal") (Doc. No. 5). It appears to the Court that the Appeal has been fully briefed and is ripe for judgment.

## I. FACTS

On November 29, 2018, Appellant was seated in a courtroom during a sentencing hearing for Dion Lamar Williams. (Doc. No. 1, at 1). Mr. Williams was Appellant's boyfriend (Doc. No. 11, at 9), and Appellant attended the hearing on his behalf (Doc. No. 7, at 2). After sentencing was complete, Appellant, along with other spectators, began to leave the courtroom. (Doc. No. 1, at 1). However, as she reached the exit, Appellant shouted "'piece of sh-t!' in a loud angry tone.'" (Doc. No. 1, at 1). In response, the magistrate judge asked a marshal to bring Appellant back into the courtroom, and the magistrate judge held her in summary criminal contempt. (Doc. No. 7, at 2). The magistrate judge then asked her if she wanted "to say anything" before he "impose[d] a sentence," to which Appellant responded "no." (Doc. No. 1, at 2-3).

## II. STANDARD OF REVIEW

Generally, courts review findings of fact underlying a contempt conviction for clear error, while the ultimate determination of guilt and other questions of law are reviewed de novo. *United States v. Goode*, 545 F. App'x 197, 198 (4th Cir. 2013) (citing *United States v. Peoples*, 698 F.3d

185, 189 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 915, 184 L. Ed. 2d 703 (2013)). However, where an appellant fails to raise an objection to her summary contempt conviction, courts review for plain error.[1] *Id.* To establish plain error, an appellant must show: "(1) there was error; (2) the error was plain; and (3) the error affected [her] substantial rights." *Id.* (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

### III. ANALYSIS

Appellant's Appeal is premised on two main arguments. First, Appellant's conduct cannot support a criminal contempt conviction as a matter of law, and, even if it could, there is insufficient evidence to sustain a conviction. (Doc. No. 11, at 19). Second, the magistrate judge erred when he employed summary contempt procedures without considering whether a non-summary proceeding under Rule 42(a) would have sufficed. (Doc. No. 11, at 18).

#### A. Appellant's Conduct

According to Appellant, her "use of a single expletive, not directed at the judge or any other court officer does not constitute criminal contempt as a matter of law." (Doc. No. 11, at 15). Appellant relies on a case called *Eaton v. City of Tulsa*, in which the Supreme Court held that the "single isolated usage of street vernacular, not directed at the judge or any officer of the court, cannot constitutionally support a conviction of criminal contempt." 415 U.S. 697, 698 (1974).

---

[1] Appellant contends that because she was "an unrepresented spectator accused and adjudicated of being in contempt in two minutes with neither a warning, nor an opportunity to defend herself," she had no opportunity to object (Doc. No. 15, at 7, 8), and that, as a result, her failure to object should not prejudice her (Doc. No. 15, at 7, 8) (citing Fed. R. Crim. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.")). However, Appellant *was* given an opportunity to object, as the transcript of the hearing clearly reflects that the magistrate judge asked her whether she wanted "to say anything" before he imposed a sentence. (Doc. No. 7); *see also United States v. Hunter*, 420 U.S. App. D.C. 431, 437 (2016) (finding that appellants were given an opportunity to object where they were asked whether there were "any additional questions from any of the appellants?").

However, Appellant's reliance on *Eaton* is misplaced. In *Eaton*, the appellant was a witness that called his assailant "chicken-shit" during his testimony—the utterance was not directed at the judge. *Id.* In contrast, Appellant shouted "piece of shit" in a loud angry tone at the conclusion of her boyfriend's sentencing hearing (Doc. No. 1; Doc. No. 11, at 9), which she had attended on his behalf (Doc. No. 7, at 2), and which concluded with the magistrate judge's recommendation that he receive a fifteen-year sentence (Doc. No. 11-1, at 9). The reason for her attendance and the timing of her outburst make clear that it was directed at the magistrate judge. Because "[a]n outburst of foul language directed at the court is intolerable misbehavior in the courtroom and falls within the prohibition of section 401(1) and Federal Rule of Criminal Procedure 42(b)," Appellant's assertion that her outburst did not constitute criminal contempt as a matter of law is **OVERRULED**. *See in re Sealed Case*, 627 F.3d 1235, 1238 (D.C. Cir. 2010); *see also Peoples*, 698 F.3d at 193 (upholding a contempt conviction where a defendant reentered the courtroom while the judge was off the bench and said, "[t]ell Judge Currie get the f-- off all my cases. I started to tell her something there. I started to tell her ass something today").

Appellant argues, in the alternative, that even if the utterance of an expletive could be contemptuous "there is insufficient evidence to sustain the conviction here and, more specifically, that there is not sufficient evidence that the third and fourth elements of contempt have been satisfied. (Doc. No. 11, at 15). Criminal contempt has four elements: "(1) misbehavior of a person, (2) which is in or near to the presence of the Court, (3) which obstructs the administration of justice, and (4) which is committed with the required degree of criminal intent." *Goode*, 545 F. App'x at 198 (internal quotation and citation omitted). "Obstruction of the administration of justice" requires "some act that will interrupt the orderly process of the administration of justice or thwart the judicial process." *United States v. Warlick*, 742 F.2d 113, 115-16 (4th Cir. 1984).

3

The effect of the obstructive conduct does not have to be great. *Peoples*, 698 F.3d at 189. A defendant's conduct can satisfy the obstruction element if it "distracted court personnel from, and delayed them in, completing their duties." *Goode*, 545 F. App'x at 198 (internal quotation and alteration omitted). In addition, there comes a point where "mere words are so offensive and so unnecessary that their very utterance creates a delay which is an obstruction of justice." *Gordon v. United States*, 592 F.2d 1215, 1217 (1st Cir. 1979).

Here, Appellant disrupted the entire courtroom by yelling loudly enough that everyone could hear. (Doc. No. 1). Further, her expletive "piece of shit!" was clearly directed at the magistrate judge. *See supra* at 3. Appellant's behavior delayed the magistrate judge and court personnel from moving on to new matters, a marshal had to leave his post to stop Appellant from leaving the courtroom, and a clerk had to create a new case for this matter. Those facts clearly constitute obstruction. *See Peoples*, 698 F.3d at 191 (holding that misbehavior "delayed court personnel and distracted them from the performance of their judicial duties" where judge was in jury room but the outburst forced court personnel "to leave the work that they were doing and deal with the statement that the defendant made"); *see also United States v. Schurring*, No. 5:15CR186, 2016 WL 2654508, at *5 (N.D. Ohio May 6, 2016) (finding sufficient obstruction where two deputies had been delayed from their normal duties because they had to discuss the contemptuous behavior and fill out a report).

Appellant's behavior also satisfied the fourth element of contempt. The criminal intent necessary for contempt is "a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful." *Warlick*, 742 F.2d at 117 (internal quotation omitted). "[O]f course, an actual design to subvert the administration of justice is [a] more grievous and perhaps more culpable state of mind, but proof of such an evil motive is unnecessary to establish the required

4

intent." *Id.* (internal quotation omitted). Appellant's disruptive outburst of profanity—timed as she exited the courtroom to avoid accountability—was "self-evidently intended to show contempt for the court." *See United States v. Marshall*, 371 F.3d 42, 46 (2d Cir. 2004) (finding that an appellant's statement that a district judge "kiss my ass and your wife can suck my dick" satisfied contempt's criminal intent requirement). Thus, Appellant's allegation that the magistrate judge erred when finding that Appellant's conduct constituted contempt is **OVERRULED**.

### B. Use of Summary Contempt Proceedings

Appellant next argues that the magistrate judge erred by employing summary contempt proceedings without considering whether a non-summary proceeding under Rule 42(a) would have sufficed or giving Appellant an opportunity to defend herself before finding her in contempt. (Doc. No. 11, at 12). Summary contempt power "rests on the need to maintain order and a deliberative atmosphere in the courtroom." *Bloom v. State of Ill.*, 391 U.S. 194, 210 (1968). This power should be exercised when "an open, serious threat to orderly procedure [requires] instant and summary punishment . . . to fill the need for immediate penal vindication of the dignity of the court." *United States v. Martin*, 251 F. App'x 979, 981 (6th Cir. 2007) (quoting *Harris v. United States*, 382 U.S. 162, 165 (1965)). Unlike indirect contempt, which occurs outside the presence of the court and therefore is not a threat to the "court's immediate ability to conduct its proceedings," *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 832 (1994), direct contempt occurs "in open court, in the presence of the judge, [and] disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court's authority before the public," *in re Oliver*, 333 U.S. 257, 275 (1948) (internal quotation omitted). Because direct contempt threatens the institution of the court, it "may be punished summarily

without notice and a hearing." *United States v. Sanchez Hernandez (In re Gates)*, 600 F.3d 333, 338 (4th Cir. 2010); *see also in re Chaplain*, 621 F.2d 1272, 1275 (4th Cir. 1980) (A hearing is "not necessary when contumacious conduct occurs in the actual presence of a judge who observes it, and when immediate action is required to preserve order in the proceedings and appropriate respect for the tribunal.").

Here, Appellant's outburst occurred in the presence of the magistrate judge. (Doc. No. 1). Further, the outburst was overheard by other members of the audience (Doc. No. 1), necessitating immediate punishment to prevent the eroding of the Court's authority before the public. Thus, summary proceedings were appropriate and neither notice nor hearing was required, *Gates*, 600 F.3d at 337, 338, and Appellant's argument that she was due a non-summary proceeding is **OVERRULED**.

**IV. CONCLUSION**

For the reasons stated above, the Court has determined that the magistrate judge committed no error below. Thus, the Appeal is **DENIED**.

**SO ORDERED**.

Signed: January 15, 2020

Graham C. Mullen
United States District Judge